IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CALLEN BEREN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0185 |
| | § | |
| WORLD TELEMETRY, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Callen Beren is suing World Telemetry, Inc. and the individual defendants for breach of contract, conversion, fraudulent inducement, fraud, quantum meruit, promissory estoppel, assumpsit, and negligent misrepresentation arising out of an alleged employment and commission agreement with World Telemetry. (Docket Entry No. 1, Appx. A, Ex. 3, Original Petition). World Telemetry has filed a suggestion of bankruptcy. (Docket Entry No. 17). The suggestion of bankruptcy states that the bankruptcy stay should extend to the individual defendants in this case, John Lee, Casey Zandbergen, and Oscar Rodriguez, because the claims against the officers and directors of the corporation are wholly derivative of the claims against World Telemetry and cannot be tried separately. (*Id.*). Lee is the chief executive officer of World Telemetry; Zandbergen is the president of World Telemetry; and Rodriguez is the chief financial officer of World Telemetry. (*Id.* at 2).

Section 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1). "Section 362(a)(3) provides that the filing of a petition

'operates as a[n] [automatic stay] applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate.'" *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987) (quoting 11 U.S.C. § 362(a)(3)).  Ordinarily, the automatic stay under § 362 does not apply to actions against a nondebtor.  *See In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007).  Courts recognize that a § 362 stay may apply to an action against nondebtor defendants depending on their relationship to the debtor. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) ("[A] bankruptcy court may invoke § 362 to stay proceedings against nonbankrupt codefendants where 'there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986))).  The party invoking the stay has the burden to show it is applicable.  *See* 2 WILLIAM L. NORTON, JR., NORTON BANKRUPTCY LAW AND PRACTICE § 43:4 (3d ed. Supp. 2010) (noting that in bankruptcy court proceedings, "the party seeking to extend the stay will bear the burden to show that 'unusual circumstances' exist warranting such an extension of the stay to a nondebtor"); *see also Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001) (holding that the defendant had "no interest to establish such an identity [of interests] with [the] debtor").

  This case is stayed as to World Telemetry.  The plaintiff may reinstate this case as to World Telemetry upon notice to this court of the discontinuance of the stay under 11 U.S.C. § 362(c)(2), provided such notice is filed within 30 days after the bankruptcy stay is

discontinued. The individual defendants in this case are ordered to show cause by July 23, 2010, for extending the stay to the claims against them.

SIGNED on June 23, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge